**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS FEW, | No. 20-55338 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09531-JLS-DFM |
| v. | |
| UNITED TEACHERS LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Thomas Few appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging a First Amendment claim arising out of union membership dues. We have jurisdiction under 28 U.S.C. § 1291. We review de novo cross-motions for summary judgment. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016). We may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment on Few's claim seeking retrospective monetary relief from deduction of union membership dues was proper because Few failed to raise a genuine dispute of material fact as to whether he did not affirmatively and voluntarily consent to the deduction of union dues. *See Belgau v. Inslee*, 975 F.3d 940, 950-52 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) (concluding that the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid paying union dues that were agreed upon under validly entered membership agreements). The parties agree that this court's intervening decision in *Belgau v. Inslee*, 975 F.3d 940, 950-52 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021), controls the outcome of this claim.

The district court properly granted summary judgment on Few's claim seeking prospective relief from the union because such claim is moot. *See Bain v.*

*Cal. Teachers Ass'n*, 891 F.3d 1206, 1211-15 (9th Cir. 2018) (plaintiffs' claims for prospective relief were moot when they resigned their union membership and presented no reasonable likelihood that they would rejoin the union in the future).

The district court properly dismissed Few's claim challenging California's exclusive bargaining representation arrangement because Few failed to allege facts sufficient to state a plausible claim. *See Mentele v. Inslee*, 916 F.3d 783, 790-91 (9th Cir. 2019) (holding that exclusive bargaining arrangement is constitutionally permissible); *Serra v. Lappin*, 600 F.3d 1191, 1195-96 (9th Cir. 2010) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**